UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03804-TEH<br><br>**ORDER GRANTING DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES' AND COUNTY OF LOS ANGELES' MOTIONS TO DISMISS** |

This matter is before the Court on two motions to dismiss Plaintiff's complaint, filed by Defendants State of California Department of Motor Vehicles and County of Los Angeles. The Court decides the matters on the papers submitted and without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, both Defendants' motions to dismiss are hereby GRANTED AS UNOPPOSED.

**BACKGROUND**

On August 19, 2015, Plaintiff filed a complaint against various Defendants, including Defendant State of California Department of Motor Vehicles ("DMV") and Defendant County of Los Angeles ("Los Angeles"), alleging, among other allegations, violations of 42 U.S.C. § 1983 ("Section 1983"). (Docket No. 1). The complaint alleges various events, ranging from a failed election bid, a false citation on Plaintiff's driver's license, a search of two of Plaintiff's residences, and an investigation and arrest of Plaintiff.

On September 16, 2015, DMV moved to dismiss Plaintiff Juan Pablo Lopez's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 11). On September 18, 2015, Los Angeles also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff failed to file a timely opposition either motion or appear for

the motion hearing; accordingly, the Court issued an Order to Show Cause on October 28, 2015. (Docket No. 24). At the show cause hearing, the Court set new briefing deadlines for all pending motions in the case, ordering that Plaintiff file oppositions on or before November 23, 2015. (Docket No. 26). Plaintiff timely filed an opposition to a motion filed by another defendant, but did not file an opposition to the instant motions.

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

DMV argues that Plaintiff's Section 1983 allegations fail to state a claim against the DMV, because as an "arm of the State," the DMV is not a "person" for purposes of Section 1983; thus, the DMV is entitled to the same immunity as the State. DMV Mot. at 4-5 (Docket No. 11).

2

1    Los Angeles contends that none of Plaintiff's allegations involve Los Angeles or
2 any employees thereof. Los Angeles Mot. at 3 (Docket No. 16). Thus, absent any factual
3 allegations involving Los Angeles, Plaintiff cannot establish that a custom, practice or
4 policy by Los Angeles caused a Constitutional violation. *Id.* at 3-4; *Berry v. Baca*, 379
5 F.3d 764, 767 (9th Cir. 2004) (County liable under § 1983 if official policy caused
6 Constitutional deprivation).
7    The Court grants both DMV and Los Angeles' motions, based upon Plaintiff's
8 failure to file oppositions as required by Civil Local Rule 7-3(a). Pursuant to a local rule, a
9 district court may grant a motion to dismiss for failure to respond. *See generally Ghazali*
10 *v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file opposition).
11 The Court interprets Plaintiff's failure to oppose Defendants' motions as consent to the
12 merits of the motions.

## CONCLUSION

   As described above, the Court afforded Plaintiff ample notice and time to respond to Defendants' motions, but failed to do so. Accordingly, Plaintiff's claims against Defendant State of California Department of Motor Vehicles and Defendant County of Los Angeles are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: 12/01/15            _____
                           THELTON E. HENDERSON
                           United States District Judge

3