UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03804-TEH<br><br>**ORDER GRANTING COUNTY OF SAN MATEO, JORDAN BOYD, ANDY ARMANDO AND WILLIAM MASSEY'S MOTION TO DISMISS** |

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Complaint. (Docket No. 12). The Court has carefully considered the briefing and oral arguments of the parties, and for the reasons set forth below, Defendants' motion is hereby GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**BACKGROUND**

Plaintiff Juan Pablo Lopez ("Plaintiff") filed a complaint on August 19, 2015, alleging four counts against various defendants, including Defendant County of San Mateo ("the County") and various employees/officers of the County (Defendants Boyd, Armando and Massey).[1] Compl. at 1 (Docket No. 1). At the time of the events giving rise to this action, Plaintiff was a Deputy Sheriff employed by the County. *Id.* at 2. In his complaint, Plaintiff alleges that in March through June of 2014 he was prevented from running for San Mateo County Sheriff because of a conspiracy orchestrated by the incumbent Sheriff (who is not named as a defendant in the action). *Id.* at 4-7. Plaintiff also alleges that on August 4, 2014, he was questioned and verbally assaulted after invoking his *Miranda*

---

[1] Plaintiff also filed suit against the California Department of Motor Vehicles and the County of Los Angeles. Compl. at 1. The Court dismissed the claims against those two parties without prejudice on December 1, 2015, for Plaintiff's failure to oppose the parties' motions to dismiss. (Docket No. 31). Plaintiff also names the City of Torrance in the Complaint; however the City of Torrance appears to not have been served with the Complaint or issued summons.

rights by Defendant Boyd, an investigator for the San Mateo County District Attorney's office, and that Defendant Boyd forced Plaintiff to travel to Los Angeles to correct an erroneous citation on Plaintiff's driver's license. *Id.* at 7-10.  Plaintiff also alleges that his residences in Newark and Redwood City were unreasonably searched,[2] and that Defendant Armando, who is also a District Attorney investigator, "intentionally or negligently included false and erroneous information in his affidavit for probable cause for the search warrant." *Id.* at 11-13, 15. Finally, Plaintiff alleges that during Plaintiff's campaign for Sheriff, Defendant Massey, who is a Sheriff's Deputy, made a statement to Plaintiff's fiancée's employer accusing Plaintiff of impropriety, which caused Plaintiff to suffer loss of his reputation. *Id.* at 17-18.  Plaintiff seeks relief in the form of actual, general, special, compensatory and punitive damages jointly and severally against the Defendants.

Defendants County of San Mateo, Boyd, Armando and Massey filed the instant motion to dismiss on September 16, 2015.  Mot. (Docket No. 12).  The Court issued an Order to Show Cause after Plaintiff failed to timely oppose the motion and did not appear for the motion hearing.  (Docket Nos. 21, 24).  After the Show Cause Hearing on November 9, 2015, the Court reset the briefing deadlines.  (Docket No. 26).  Plaintiff timely filed his opposition, and Defendants timely replied.  (Docket Nos. 30, 32).

**LEGAL STANDARD**

Rule 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] The searches were connected to the investigation and eventual arrest of Plaintiff and his fiancée for loan fraud, election fraud, misappropriation of campaign funds and insurance fraud.  Compl. at 13.  Plaintiff is also under investigation for allegedly bringing cell phones and prescription drugs into the County jail while on duty as Deputy Sheriff. *Id.*

2

(citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.  The non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).  However, dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

**DISCUSSION**

Defendants move to dismiss the entire complaint: (1) for procedural reasons; (2) on the basis of various immunities; and (3) for failure to state a claim.  Defendants argue that Plaintiff should not be granted leave to amend any dismissed claims.  As discussed below, because Plaintiff failed to oppose many arguments in the instant motion to dismiss, the Court may treat such non-opposition as implicit consent to the merits of the arguments asserted, and consequently as consent to dismissal of the Complaint. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file opposition); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7. (N.D. Cal. 2013).

For reasons discussed below, the Court finds that Plaintiff fails to state a claim for any of his four causes of action. Furthermore, Plaintiff's complaint suffers deficiencies that cannot be cured by amendment, and therefore must be dismissed with prejudice.

**I.      Punitive Damages**

In paragraphs 56, 60, 62 and 70 of the Complaint, Plaintiff seeks punitive damages against the County of San Mateo. Defendants correctly contend that punitive damages are not available against public entities, though they are available against individuals. Mot. at 18; Cal. Gov. Code § 818; *Smith v. Wade*, 461 U.S. 30, 35 (1983) (punitive damages available against public officials); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60 (1981) (punitive damages not authorized against municipalities unless expressly authorized by statute). Plaintiff did not oppose this argument in his opposition. For these reasons, the punitive damages request in paragraphs 56, 60, 62, and 70 are DISMISSED WITH PREJUDICE.

**II.     State Law Claims (In Second, Third and Fourth Causes of Action)**

At the outset, Defendants move to dismiss Plaintiff's state law claims because Plaintiff failed to comply with the Tort Claims Act (also often referred to as the Government Claims Act), which is a prerequisite to asserting California state law claims for damages against public entities and employees. Cal. Gov. Code §§ 905, 905.2, 945.5. To comply with the Tort Claims Act, a plaintiff must "submit a timely claim for money or damages to a public entity in order to maintain an action against that entity." *State v. Superior Court*, 32 Cal. 4th 1234, 1243 (2004). Plaintiff's counsel did not oppose this argument in his briefing, and acknowledged at oral argument that his failure to oppose the dismissal of the state claim was purposeful, as Plaintiff had not complied with the Tort Claims Act[3], and could not cure the deficiency due to the statute of limitations.[4]

---

[3] Defendants request judicial notice of the fact that as of September 3, 2015, Plaintiff had not filed a claim for money damages. Req. for Jud. Notice at 1 (Docket No. 13). The

4

For these reasons, the Court hereby DISMISSES WITH PREJUDICE the following claims, which constitute all state law claims in the Complaint:

1. Claim that the elections clerks provided misinformation to Plaintiff on March 7, 2014 (relating to Third Cause of Action);

2. Claim that Defendant Massey made slanderous statements in May 2014 (entirety of Fourth Cause of Action);

3. Claim that Defendant Boyd "verbally assaulted" Plaintiff on August 4, 2014 (relating to Second Cause of Action).

## III.  Federal Claims

Defendants also move to dismiss Plaintiff's First through Third Causes of Action, which assert 42 U.S.C. § 1983 ("Section 1983") claims against Defendants Boyd and Armando, as well as the County itself. Defendants argue that Plaintiff fails to state a claim in each of the causes of action, and that the claims are otherwise barred by the Eleventh Amendment or qualified immunity.

### A.   First Cause of Action: Conspiracy to Violate Plaintiff's Civil Rights

In Plaintiff's First Cause of Action, he alleges a "Conspiracy to Violate Plaintiff's Civil Rights." To allege a claim for conspiracy, a plaintiff must allege:

> [T]hat the defendant and another person had the specific intent to agree to conspire to commit an offense, as well as the specific intent to commit the elements of that offense, together with proof of the commission of an overt act by one or more of the parties to such agreement in furtherance of the conspiracy.

---

Court GRANTS the request for judicial notice, as the fact is one of official record and thus is accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. The Court DENIES AS MOOT the remaining requests for judicial notice, as the remaining facts were not necessary to decide this motion.

[4] The Tort Claims act requires that claims for money or damages must be filed within one year of "accrual of the cause of action." Cal. Gov. Code § 911.2.

5

*People v. Morante*, 20 Cal. 4th 403, 416 (1999). Defendant contends that Plaintiff's First Cause of Action fails to state a claim because it does not "demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Mot. at 12. Plaintiff failed to oppose – and thus conceded – this argument. The Court notes that Plaintiff's Complaint is devoid of facts and riddled with labels and conclusions. In the First Cause of Action, Plaintiff offers so few facts the Court has no way of knowing what alleged conspiracy he is referring to. However, the Court need not even reach the sufficiency of Plaintiff's conspiracy allegations, because the underlying Section 1983 claims fail, so no conspiracy claim exists.

"Conspiracy is not itself a constitutional tort under [Section 1983]." *Lacy v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012). To assert a conspiracy claim under Section 1983, Plaintiff must allege a sufficient constitutional violation, and only then may he use the conspiracy allegations to potentially enlarge the pool of defendants. *Cassettari v. Nev. County*, 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations."). As explained below, Plaintiff fails to sufficiently allege any cause of action under Section 1983; therefore, his conspiracy claim fails as well. Such deficiency cannot be cured by amendment, as the failure of the claim does not rest on the conspiracy allegations themselves. For this reason, Plaintiff's First Cause of Action is hereby DISMISSED WITH PREJUDICE.

### B. Second Cause of Action: Violation of Right of Privacy

Plaintiff's Second Cause of Action asserts a "Violation of Right of Privacy," under the Fourth Amendment, by way of Section 1983. In his opposition, Plaintiff argues that he has stated a claim for violation of his liberty and privacy rights under the Fourteenth Amendment, citing *Roe v. Wade*, 410 U.S. 113 (1973), and stating that his "residences, his vehicles, and his personal [*sic*] are within his zone of privacy." Opp'n at 6-7.

The Supreme Court has expressly held that cases alleging improper search and

seizure must be brought under the Fourth Amendment, not the Fourteenth. *Albright v. Oliver*, 510 U.S. 266 (1994). Plaintiff's Fourteenth Amendment claims impermissibly attempt to use "the more generalized notion of 'substantive due process'" for claims that are properly addressed under the Fourth Amendment, as the "explicit textual source of constitutional protection" governing search and seizure. *Albright*, 510 U.S. at 273-74 (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). "The Fourth Amendment addresses … pretrial deprivations of liberty," including Plaintiff's claims for unreasonably searches and seizures, improper search warrants and malicious prosecution. *Id.*

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that even under the Fourth Amendment, Plaintiff fails to state a Section 1983 claim against either the County or the individual defendants in the Second Cause of Action. The Second Cause of Action contains the majority of the allegations in the Complaint, alleging that Defendants violated Section 1983 by: (1) providing misleading information to procure a defective search warrant; (2) exceeding the scope of defective warrants during a search; (3) "forcing and breaking entry" into Plaintiff's property and confiscating his firearms and personal papers without cause; (4) "using intimidation and threats to get Plaintiff's password to his personal cell phone after Plaintiff invoked his rights per Miranda, refusing further questioning with [*sic*] his attorney present;" and (5) using a "pattern and practice" to violate the *Miranda* rights of individuals who have invoked their rights by "talking small talk until the person starts engaging in comfortable conversation with the officer," and then impermissibly questioning them about the charges against them.

### 1. *The Second Cause of Action fails to state a claim against the County of San Mateo.*

Defendants contend that Plaintiff's §1983 claims against Defendant County of San Mateo fail to state a claim because Plaintiff alleges no facts that demonstrate the County had a "policy, custom or practice" that caused Plaintiff's alleged harms. Mot. at 8. Plaintiff cannot hold Defendant, a municipality, liable for its employees' actions unless he shows: "(1) that [Plaintiff] possessed a constitutional right of which he was deprived; (2)

7

that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 County of Yamill,* 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted) (citing *Oviatt By & Through Waugh v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992)); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Furthermore, "[i]n order to withstand a motion to dismiss for failure to state a claim, a *Monell* [municipal liability] claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, No. 12-CV-00294, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. County of San Diego*, No. 10-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)).

      Here, Plaintiff fails to state a *Monell* claim against the County because Plaintiff did not identify or allege a policy, practice or custom that may have caused a deprivation of Plaintiff's rights, and furthermore, Plaintiff failed to allege that such practice was the "moving force" behind Plaintiff's alleged injury. Plaintiff states the following:

> Defendants used a pattern and practice of violating the rights of individuals suspected of crimes. The inspectors intentionally and deceptively continued to interrogate after these persons invoked their rights via Miranda. The practice is to keep talking small talk until the person starts engaging in a comfortable conversation with the officer. When the person is relaxed the officer will then question the person about the case, stating in their report that the waiver of their Miranda rights was free and voluntary.

Compl. at 15. However Plaintiff does not allege that the practice of small talk was approved through the County's official decision-making channels or made by a "final policy making authority." *Monell*, 436 U.S. at 691, 694-95. Merely reciting the terms "pattern and practice" is not sufficient to allege a *Monell* claim. If a Plaintiff is unable to show that a practice was an official policy of the municipality, it may be sufficient to allege a "pattern of similar incidents" such that it may be concluded that the alleged practice was "'so permanent and well-settled' as to carry the force of law." *Castro v.*

*County of Los Angeles*, 797 F.3d 654, 671 (9th Cir. 2015) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Plaintiff failed to do so here.

Defendants also contend that Plaintiff failed to allege the violation of a constitutional right, and failed to allege that a pattern or practice was the moving force behind such a violation. Mot. at 8-10. However, the Court need not discuss the other elements of a *Monell* claim because all four elements are required, and Plaintiff failed to allege a policy or practice. Plaintiff did not oppose this argument in his opposition, and when asked repeatedly and exhaustively by the Court at oral argument what facts Plaintiff would allege if he was permitted to amend the Complaint, Plaintiff's counsel did not allege a single fact that would cure the lack of policy or practice. For these reasons, the Second Cause of Action is DISMISSED WITH PREJUDICE as to the County of San Mateo.

### 2. *The Second Cause of Action fails to state a claim against the individual defendants.*

To state a Section 1983 claim against individual defendants, Plaintiff must plead (1) that the defendant acted under color of law; and (2) the defendant caused Plaintiff to be deprived of a constitutional or statutory right. *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). Furthermore, Plaintiff must plead that the defendants were "personally involved" in the deprivation of Plaintiff's rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court finds that Plaintiff failed to allege personal involvement by any of the individual defendants.

As to Defendant Massey, the only cause of action that alleges any facts about Massey is the Fourth Cause of Action, which is dismissed on the basis of the Tort Claims Act. No facts supporting federal claims are alleged against Massey. Plaintiff does not oppose this, nor does Plaintiff's counsel offer additional facts to support amendment.

As to Defendant Boyd, Plaintiff fails to allege that Boyd interrogated him after he invoked his *Miranda* rights, thus depriving him of a constitutional right. It is undisputed that under *Miranda*, a suspect in custody who invokes his rights has a right to be free of interrogation until consulting with a lawyer. *Miranda v. Arizona*, 384 U.S. 436, 479

9

1   (1966); *Rhode Island v. Innis*, 46 U.S. 291, 298 (1980). "Small talk" is not interrogation,
2   nor is it the functional equivalent of interrogation. *United States v. Morgan*, 738 F.3d
3   1002, 1005 (9th Cir 2013) (interrogation is express questioning or its functional
4   equivalent). The "functional equivalent" of interrogation is "words or actions on the part
5   of [the interrogator] (other than those normally attendant to arrest and custody) that [the
6   interrogator] should know are reasonably likely to elicit an incriminating response." *Innis*,
7   46 U.S. at 301; *United States v. Foster*, 277 F.3d 1096, 1103 (9th Cir. 2000).

8   Plaintiff does not state any facts in the Complaint to allege that Boyd asked any questions, except when he asked Plaintiff to hand over his keys and for the password to his cell phone. These questions are attendant to arrest and custody, and thus do not serve as functional equivalents of interrogation. The "small talk" is likewise not interrogation. Furthermore, since Plaintiff works in the same department that allegedly uses this "small talk" strategy, Plaintiff would not be susceptible to the strategy; thus the "small talk" would not likely elicit an incriminating response. Without a custodial interrogation, there was no *Miranda* violation with which Defendant Boyd was personally involved.

Finally, as to Defendant Armando, Plaintiff claims that Armando authored the allegedly defective search warrant, but fails to allege many necessary facts in the Complaint, including which warrant was defective, what the defects were, and what the scope of the warrant was (to support the contention that the defendants exceeded the scope). Plaintiff alleges the information provided to obtain the defective warrant was false, but does not allege facts supporting an inference that Armando knew it was false but still provided it to the magistrate to obtain the warrant. Plaintiff's counsel failed to offer any facts that would cure this deficiency if given leave to amend, despite being given ample opportunity to propound such facts.

Furthermore, the Complaint alleges that Armando obtained the defective warrant by "intentionally or negligently includ[ing] false and erroneous information in his affidavit for probable cause." Compl. at 15. However, negligent provision of information is not

10

1 actionable in a Section 1983 claim based on the Fourth Amendment. *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002). Plaintiff failed to oppose this argument as well.

In his opposition, Plaintiff stated that if given leave to amend, he would allege additional facts about the information upon which Armando allegedly based his probable cause.[5] At oral argument, in response to the Court's repeated questions regarding whether amendment could cure the deficiencies in the complaint, Plaintiff's counsel stated that he would amend the complaint to add facts about the search warrant that he had learned through discovery in the criminal action – namely that certain property that was the basis for probable cause was obtained illegally from Plaintiff's car. When specifically asked by the Court, Plaintiff's counsel was unable to allege that the Defendants in this action were responsible for the theft of property, or even that they knew about it. Thus, Plaintiff's new facts would do nothing to cure the deficiencies as to the claims against Armando.

### 3. *Qualified immunity bars the Second Cause of Action against the individual defendants.*

Plaintiff's Second Cause of Action also fails on the basis of qualified immunity, which protects "government officials performing discretionary functions … from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff fails to allege that any of the discretionary actions performed by the individual defendants (such as procuring search warrants, questioning suspects, and searching residences) violated clearly established law, nor does Plaintiff oppose this argument in his opposition brief. Plaintiff offers no facts that would suggest that qualified immunity does not apply. For this reason, the claims against individual defendants pertaining to their discretionary functions as government officials are barred by qualified immunity.

---

[5] The Court notes that the facts Plaintiff wishes to add would only strengthen Defendant Armando's position, because they support the idea that Armando had a reasonable suspicion as to Plaintiff's alleged illegal acts.

***4. Plaintiff cannot cure the Second Cause of Action through amendment.***

As noted above, Plaintiff's counsel was asked repeatedly by this Court how he would amend the Complaint to fix its deficiencies, and could offer no factual allegations that would cure the complaint. For this reason, amendment would be futile; thus the Second Cause of Action must be DISMISSED WITH PREJUDICE as to all Defendants.

### C. Third Cause of Action: Violation of Plaintiff's Due Process Rights and Rights of Equal Access to Justice

Defendants contend that prosecutorial immunity bars portions of Plaintiff's First and Second Causes of Action, and the entire Third Cause of Action, against Defendants Boyd and Armando as they relate to the investigators' conduct in the course of prosecuting Plaintiff. State officials sued in their official capacity are entitled to Eleventh Amendment immunity when they are acting in their prosecutorial capacity. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2006).

In his opposition, Plaintiff attempts to refute Defendants' assertion of prosecutorial immunity for the Third Cause of Action. Plaintiff's argument, in total, is as follows:

> Any inspector or investigator employed in that capacity in the office of a district attorney, is a peace officer. The authority of these peace officers extends to any place in the state. California Penal Code Section 830.1(a). Thus, they are "peace officers" separate from the duties of prosecutors. They are employed by the County. They [*sic*] not under the supervision of the States Attorney General or even under the supervision of the County District Attorney.

Opp'n at 7. Plaintiff's focus on the job title of the investigators and the identity of their employers is misplaced. Rather, the proper test is whether the acts were associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The focus is on "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988); *KRL v. Moore*, 384 F.3d 1105, 1113 (9th Cir. 2004). Acts associated with the judicial phase, including "investigative activities carried out in preparation for a prosecutor's case," are entitled to

immunity from §1983 claims. *KRL*, 384 F.3d at 1113 (9th Cir. 2004) (extending immunity in §1983 suit to investigator). For these reasons, the individual Defendants' actions in the First Cause of Action (relating to the investigation and prosecution of Plaintiff), Second Cause of Action (relating to procurement of the search warrant), and the Third Cause of Action in its entirety (for malicious prosecution) are barred by Eleventh Amendment immunity.

Prosecutorial immunity is absolute and serves as a complete bar; thus, amendment of the claims would be futile to survive this attack. Furthermore, Plaintiff's counsel was repeatedly asked by the Court what facts Plaintiff would allege if given the opportunity to amend, and he could not proffer any facts that would somehow circumvent prosecutorial immunity. Thus, the portions of the First and Second Causes of action relating to the prosecution of Plaintiff, and the Third Cause of Action as a whole, are hereby DISMISSED WITH PREJUDICE.

Plaintiff also failed to oppose Defendants' *Heck v. Humphrey* argument: that if the Court found in favor of Plaintiff on the claims that rest on the San Mateo District Attorney's Office's prosecution of Plaintiff, the Court would call into question the validity of any probable cause determination in the ongoing criminal proceeding. 512 U.S. 477, 486-87 (1994); Mot. at 6-8. The Court need not reach this issue, as Eleventh Amendment grounds exist for dismissing these claims.[6]

///

///

///

---

[6] The Court notes that during oral argument Plaintiff's counsel argued for a stay of this action pending the criminal proceeding, but not on *Heck v. Humphrey* grounds. Rather, Plaintiff's counsel felt a stay was warranted so that he could "get the facts out of the criminal case" and so Plaintiff would not have to invoke the Fifth Amendment during the civil proceedings. Notwithstanding the fact that no motion to stay has been filed, the Court notes that such a stay is unwarranted. Staying the action would inappropriately prolong the case and allow Plaintiff to embark on an endless exploration of potential facts to supplement his deficient complaint; thus frustrating the purpose of a 12(b)(6) motion.

**CONCLUSION**

For the reasons stated above, Defendants County of San Mateo, Jordan Boyd, Andy Armando and William Massey's motion to dismiss is GRANTED, and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: 01/05/16  _____
THELTON E. HENDERSON
United States District Judge