UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03804-TEH<br><br>**ORDER DENYING COUNTY DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

This matter comes before the Court on Defendant County of San Mateo and related parties' motion for attorneys' fees pursuant to 42 U.S.C. § 1988. Docket No. 41. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court hereby DENIES Defendants' motion.

**BACKGROUND**

On August 19, 2015, Plaintiff Juan Pablo Lopez ("Plaintiff") filed a civil rights complaint against Defendants County of San Mateo, Jordan Boyd, Andy Armando, and William Massey (collectively "County Defendants"), as well as Defendant County of Los Angeles and Defendant California Department of Motor Vehicles.[1] Docket No. 1.

County Defendants moved to dismiss on September 16, 2015 (Docket No. 12), which Plaintiff failed to timely oppose. The Court issued an Order to Show Cause and held a show cause hearing, during which it reset the briefing deadlines. Docket Nos. 24, 26. Pursuant to the new deadlines, Plaintiff timely filed his opposition, and County Defendants timely replied. The Court granted County Defendants' motion to dismiss with prejudice on January 5, 2016. Docket No. 34. Judgment was entered on January 27, 2016.

---

[1] The Court granted Defendants County of Los Angeles and California Department of Motor Vehicles' motions to dismiss as unopposed on December 1, 2015. Docket No. 31.

Docket No. 40.  County Defendants filed the instant motion for attorneys' fees on February 10, 2016.  Plaintiff timely filed his opposition, and County Defendants timely replied.

**DISCUSSION**

A court, in its discretion, may award reasonable attorneys' fees to a prevailing party in a civil rights action.  42 U.S.C. § 1988 ("Section 1988").  Section 1988 "operates asymmetrically," by allowing a prevailing plaintiff to recover attorneys' fees as a matter of course, but only allowing a prevailing defendant to recover fees in "exceptional circumstances where the court finds that the plaintiff's claims are frivolous, unreasonable, or groundless."  *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011)) (internal quotations omitted).

An action is frivolous when the arguments are wholly without merit or when the litigation was pursued with an "improper purpose, such as to annoy or embarrass the defendant."  *Douglas v. Pfingston*, 284 F.3d 999, 1006 (9th Cir. 2002).  A claim is not frivolous merely because the "plaintiff did not ultimately prevail."  *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 421-22 (1978)).  Likewise here, Plaintiff's claims are not frivolous merely because Plaintiff's attorney may not have performed his best in representing Plaintiff in this action.

The Court finds that Plaintiff's complaint was based on an incorrect, but reasonable belief that his constitutional rights were violated and that the County Defendants were not immune from suit.  Plaintiff's complaint was not filed for any purpose other than redressing his rights, which is the purpose Congress contemplated when it enacted 42 U.S.C. § 1983.  While the Court found that Plaintiff's complaint lacked sufficient factual allegations to withstand a motion to dismiss, Plaintiff's institution and continuation of the action does not rise to the level of "exceptional circumstances" for which County Defendants should recover fees.  Accordingly, the Court finds that the action was not frivolous, and County Defendants are not entitled to attorneys' fees.

**CONCLUSION**

For the reasons stated above, County Defendants' motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated:  03/29/16

_____
THELTON E. HENDERSON
United States District Judge